**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Cecil Knox PRIEST, Defendant-Appellant.**

**No. 26303.**

United States Court of Appeals
Fifth Circuit.

March 27, 1969.

John H. Stennis, Jackson, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

Having studied the record and briefs in this case, we have determined that it is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put the case on the summary calendar and notify the parties in writing.[1]

Cecil Knox Priest, a nineteen year old boy with an eighth-grade education, was convicted by a jury of theft of a government automobile in violation of 18 U.S.C. § 641. In this Court, he challenges the refusal of the court below to grant his motion to suppress a confession which the Government proposed to put in evidence through the testimony of, F. B. I. Agent Jack Wilson. The incriminating statement was elicited by the agent during custodial interrogation at a hospital in Vicksburg, Mississippi where appellant was recovering from injuries. The agent went to appellant's hospital room on the morning of December 27, 1967 and gave him the Bureau's standard form containing the *Miranda* warning. It is conceded by everyone concerned that at this point Priest said he did not want to sign the form until he had consulted with an attorney. This obvious request for an attorney was ig-

1. Under Rule 18 the Court has placed this case on the summary calendar for disposition without oral argument. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I [March 11, 1969].

nored, the interrogation proceeded, and in due course a confession was obtained.

 The question argued on the motion to suppress and presented by the briefs in the Court is whether the confession was inadmissible under Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. Two very clear passages from the decision itself settle the issue:

> Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly, and intelligently. *If, however he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning.* (Emphasis added)

384 U.S. at 444–445, 86 S.Ct. at 1612.

> Once warnings have been given, the subsequent procedure is clear. *If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease.* At this point he has shown that he intends to exercise his Fifth Amendment privilege; any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise. Without the right to cut off questioning, the setting of in-custody and interrogation operates on the individual to overcome free choice in producing a statement after

the privilege has been once invoked. *If the individual states that he wants an attorney, the interrogation must cease until an attorney is present. At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning.* (Emphasis added)

384 U.S. at 473–474, 86 S.Ct. at 1627–1628.

 The Government argues that the confession was freely and voluntarily given, pointing particularly to the fact that at the hearing on the motion to suppress the prosecutor elicited an affirmative answer from Priest when he asked whether the statement was freely and voluntarily given.[2] Situations to which *Miranda* applies, however, are governed not by the general test of voluntariness but rather by the more precise test of whether the constitutionally required warning was given and, if given, whether the rights set out by that warning were knowingly, intelligently, and voluntarily waived. Where there is a request for an attorney prior to any questioning, as in this case, a finding of knowing and intelligent waiver of the right to an attorney is impossible. As the quoted passages from the decision suggest, the suspect has an absolute right to delay interrogation by requesting counsel. If such a request is disregarded and the questioning proceeds, any statement taken thereafter cannot be a result of waiver but must be presumed a product of compulsion, subtle or otherwise. The statement taken from Priest by the agent should not have been admitted.

Reversed and remanded.

2. By rigorous cross-examination, the prosecutor was able to get a "yes" answer from Priest when he asked whether his statement was freely and voluntarily given. On the other hand, Priest also testified that he did not understand that any statement he made before conferring with a lawyer could be used against him.