**Joe Michael BLASINGAME,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

**No. 78-1150.**

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 1979.

Michael Tobin, Staff Counsel for Inmates, (court-appointed), Huntsville, Tex., for petitioner-appellant.

Barbara M. Barron, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, AINSWORTH and RONEY, Circuit Judges.

RONEY, Circuit Judge:

On this appeal the sole issue is whether a state trial court committed constitutional error in refusing to suppress a defendant's confession allegedly obtained in violation of his right to counsel. We hold it did not, and affirm the denial of a writ of habeas corpus by the district court.

Joe Michael Blasingame was convicted by a Texas jury in 1975 of the offense of aggravated robbery and sentenced to 20 years imprisonment. The conviction was affirmed on appeal. *Blasingame v. State,* 543 S.W.2d 657 (Tex.Cr.App.1976). Blasingame unsuccessfully sought a writ of habeas corpus in Texas courts. Blasingame then petitioned the United States District Court for federal habeas corpus relief. The petition was denied without an evidentiary hearing.

On December 17, 1974 Ken Calloway obtained entry into the apartment of Mrs. John W. Guibel on the pretext of being a friend of her son. Calloway then pulled a gun and opened the door for Joe Brewer, who was also armed. In the meantime, defendant Blasingame waited outside in a car. When Calloway and Brewer discovered that Mrs. Guibel had very little money in the apartment, Calloway took Mrs. Guibel to her bank in another car, leaving Brewer in the apartment with her son and daughter as hostages while Blasingame remained in a car outside the apartment. Mrs. Guibel was forced to withdraw $3,000 before being released in a nearby shopping center. Calloway, Brewer and Blasingame divided the money and Blasingame received $800 for his part in the robbery.

Blasingame was arrested shortly after midnight two days later, charged with participation in the robbery of Mrs. Guibel and held pending arraignment at 9:45 that morning. At arraignment the "magistrate's warning" was given, advising defendant in part as follows:

You have a right to employ a Lawyer to represent you. You have the right to request the appointment of a Lawyer if you cannot afford a Lawyer. You have the right to a reasonable time and opportunity to consult with your Lawyer.

You have a right to an examining trial. You are not required to make a statement, and any statement made by you may be used against you. You have a right to remain silent. You are not required to discuss the alleged offense with law enforcement personnel. If you affirmatively waive your right to remain silent and elect to discuss the offense, you have a right to change your mind and end the discussion at any time. You also have a right to have your attorney present during any interview with peace officers, or attorneys representing the State.

You have a right to be admitted to bail unless it be for a capital offense when the proof is evident.

You shall not be held to answer for a felony unless on indictment of a grand jury. In all criminal prosecutions, you have the right to a speedy public trial by

an impartial jury. You cannot be compelled to give evidence against yourself. You have the right of being heard by yourself or your counsel, or both. You have the right to be confronted by the witnesses against you, and to have compulsory process for obtaining witnesses in your favor.

On the bottom of the form containing the warning, the magistrate noted defendant's request for appointment of an attorney.

At about 9:00 that evening, Officer Senkel of the Dallas Police Department met with defendant in an office in the building where he was being held. Their meeting was the first effort by the Government to interrogate Blasingame since his arrest. Officer Senkel read and explained defendant's *Miranda* rights to him. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant indicated both his understanding of those rights as explained by the arraigning judge and Officer Senkel and his desire to make a statement explaining his involvement in the robbery.

Defendant's oral statement was transcribed in handwriting by Officer Senkel, then typed by a secretary onto a form which again stated the *Miranda* rights. Officer Senkel read the entire form aloud to Blasingame and observed him reading it to himself. The form was then signed by defendant in the presence of the secretary, who signed as a witness.

A hearing was held on the admissibility of Blasingame's confession before commencement of his jury trial. Defendant argued that he had requested an attorney at the time of questioning. That fact being resolved against him, defendant here contends that any interrogation after he had requested counsel at the magistrate's hearing was impermissible, and that the information he gave in response to that interrogation could not be used in evidence. The confession was held admissible.

■ In the federal habeas corpus proceeding under appeal, the U. S. Magistrate, acting pursuant to the provisions of 28 U.S. C.A. § 636(b), issued findings, conclusions and a recommendation that relief be denied, which were adopted by the district court after its independent review of the record. Because the record disclosed that defendant had a full, fair and adequate hearing in the state court proceeding on the factual issues raised by his confession, the district court could properly rule on the habeas corpus petition without a further evidentiary hearing. *McClure v. Hopper,* 577 F.2d 938, 940 (5th Cir. 1978), *cert. denied,* 439 U.S. 1077, 99 S.Ct. 854, 59 L.Ed.2d 45 (1979); *see* 28 U.S.C.A. § 2254(d); Rules Governing Section 2254 Cases, Rule 8.

■ The Constitution places a "heavy burden" on the Government to demonstrate that a defendant voluntarily, knowingly and intelligently waived his right to counsel. *Miranda,* 384 U.S. at 475, 86 S.Ct. 1602; *see Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). Blasingame argues that the confession should be excluded without inquiry as to waiver, asserting the authority of *United States v. Priest,* 409 F.2d 491 (5th Cir. 1969). *Priest* bars inquiry as to waiver when, at the outset of questioning, the suspect makes an unequivocal request for an attorney's presence and that request is disregarded and questioning proceeds. 409 F.2d at 493.

■ In evaluating this argument, the crucial inquiry is whether defendant asserted his right to counsel in such a manner that later police inquiry "has impinged on the exercise of the suspect's continuing option to cut off the interview." *Nash v. Estelle,* 597 F.2d 513, 518 (5th Cir. 1979) (*en banc*). In *Nash,* this Court declared that when the suspect expressed his desire to continue the interview without the presence of counsel, along with his desire to have an attorney appointed, the questioning official could make further inquiry to clarify the suspect's indecisive expression. *See Thompson v. Wainwright,* 601 F.2d 768 (5th Cir. 1979) (further inquiry may not be an attempt to dissuade suspect from exercising right to counsel).

*Nash* recognizes that some defendants may well wish to have an attorney to represent them in legal proceedings, yet wish to assist the investigation by talking to an investigating officer without an attorney

present. "While the suspect has an absolute right to terminate station-house interrogation, he also has the prerogative to then and there answer questions, if that be his choice." *Nash,* 597 F.2d at 517. To hold that a request for appointment of an attorney at arraignment would bar an investigating officer from later finding out if defendant wishes to exercise this prerogative would transform the *Miranda* safeguards, among which is the right to obtain appointed counsel, "into wholly irrational obstacles to legitimate police investigative activity, and deprive suspects of an opportunity to make informed and intelligent assessments of their interests." *Michigan v. Mosley,* 423 U.S. 96, 102, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975).

■ Therefore, we hold that the request for an attorney at arraignment does not prevent subsequent station-house interrogation where the request at arraignment is not made in such a way as to effectively exercise the right to preclude any subsequent interrogation.

■ In this case the circumstances surrounding Blasingame's counsel request show it to have been unrelated to the Fifth Amendment-based right to confer with or have counsel present before answering *any* questions. There is no indication that Blasingame intended to convey the idea that he would not discuss the crime until counsel was appointed and present. At arraignment before the magistrate he was not subjected to any questioning beyond the offer of an opportunity to make a statement if he so desired. The police detective who took Blasingame to be arraigned testified at trial that after the magistrate informed Blasingame of his right to appointment of a lawyer if he could not afford one, Blasingame said, "Yes, I would like an attorney. I can't afford one." The magistrate then went on and read the other four rights listed in the warning. The police detective testified, "When he was given this information . . . he didn't say, 'I don't want to talk to anybody. I want my attorney right now present,' or anything like that."

Blasingame's case is thus markedly different from *Priest* and its progeny in which requests for counsel were made at the time of custodial interrogation and in obvious connection with a desire to consult an attorney before answering questions. *See United States v. Massey,* 550 F.2d 300 (5th Cir. 1977). Although Blasingame testified he had requested counsel during his discussion with Officer Senkel, both Senkel and the attesting secretary testified no such request was made. The state trial court resolved the conflicting testimony by concluding that no request for counsel was made at the time of the confession. That finding is "presumed to be correct" in the federal district court proceeding because none of the exceptions enumerated in 28 U.S.C.A. § 2254(d)(1)–(8) is present here. *See Thompson v. Linn,* 583 F.2d 739, 741–43 (5th Cir. 1978).

Under the circumstances of this case, we cannot say that Officer Senkel should have been barred from interrogation simply because Blasingame requested counsel at the time of arraignment, after Senkel informed Blasingame of his rights and inquired whether he desired to waive them. Officer Senkel's efforts to discuss the case with Blasingame were consonant with his assignment to the Crimes Against Persons section of the police department, and his conduct is entitled to a presumption of regularity. *Nash,* 597 F.2d at 518. The only testimony suggesting that Officer Senkel acted improperly was discredited. This was the first time that defendant had been questioned. He failed to request presence of counsel or to make any reference to his desire for appointment of counsel expressed almost 12 hours earlier at arraignment.

■ Blasingame had been informed of his *Miranda* rights at arraignment and the interrogating officer repeated and explained those rights prior to questioning defendant and obtaining a waiver. Defendant's signing of the waiver form, though not conclusive, is "usually strong proof" of the voluntariness of the waiver. *North Carolina v. Butler,* —— U.S. ——, ——, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979).

Blasingame graduated from high school and attended college for a brief period of time. The record does not suggest any lack of capacity to intelligently execute a waiver. *See United States v. Brown,* 569 F.2d 236, 239 (5th Cir. 1978) (*en banc*). *Compare Government of the Canal Zone v. Gomez,* 566 F.2d 1289, 1292 (5th Cir. 1978) (Government fails to establish knowing and intelligent waiver by illiterate alien).

This record supports a finding that Blasingame's waiver was voluntarily given without the use of any force, mistreatment or other coercive conduct designed to impinge upon defendant's "continuing option to cut off the interview." *Nash,* 597 F.2d at 518. *Compare United States v. Hernandez,* 574 F.2d 1362, 1368 (5th Cir. 1978) (repetitive assertion by police of right to remain silent is coercive when coupled with uninterrupted questioning).

No constitutional error occurred when the confession was admitted as evidence.

AFFIRMED.