**Lorenzo Andres CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60519.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 3, 1981.

Adolfo Quijano, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Leo B. Garcia, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for State.

Before ODOM, DAVIS and McCORMICK, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for injury to a child. V.T.C.A., Penal Code Sec. 22.04. Punishment was assessed at imprisonment for twenty years.

Appellant first contends that the instant indictment was fundamentally defective in that it failed to allege that he committed the offense "by act" or "omission" as prescribed by the statute.[1] We must reject this contention.

The indictment alleged that appellant engaged in conduct that caused serious bodily injury to a child. "Conduct" includes "an act or omission." See V.T.C.A., Penal Code Sec. 1.07(a)(8). Hence the allegation that the appellant "engag[ed] in conduct" that caused serious bodily injury necessarily referred to acts or omissions causing serious bodily injury. Appellant's ground of error therefore addresses no fundamental defect.

We likewise reject the contention that the indictment is fundamentally defective since it alleges the victim to be a child "younger than 15 years of age." See *Phillips v. State*, 588 S.W.2d 378, 380 (Tex.Cr. App.).

In another ground of error the appellant argues that the trial court erred in failing to grant his motion to suppress his confession. He contends that the record is insufficient to establish an affirmative waiver of his right to counsel under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We sustain this contention.

The record[2] reflects that shortly after appellant's arrest he was taken before a magistrate at 6:40 p. m., November 22, 1977. The arresting officer testified that the magistrate duly admonished appellant pursuant to *Miranda* and Art. 38.22, V.A.C. C.P., and that appellant requested the appointment of counsel, but counsel was not appointed. Appellant was taken directly from the magistrate's office to the interrogation room, and interrogation began:

"A. I advised him of his *Miranda* Warning there when I arrested him, and from there we went to the Judge's office, and from there we travelled directly to the Sheriff's Department and went into the Captain's office, and this is when I began my interview right there.

"Q. Can you describe for us what occurred right when you came into the Captain's office; what, if any, conversation did you have with the Defendant, and what, if any, response did he give you immediately upon entering the office?

"A. Yes, sir. I advised Lorenzo that some additional information had come up, and that this was the reason that he was arrested. And I told him, I said, 'I guess you know why you're here.' And he sort of looked down at the floor, and he just nodded his head. I told him, I said, 'Look Lorenzo, do you wish to tell me all about it; get it all behind you?' I said, 'You do realize you don't have to tell us nothing.' And he just started blurting out that he hated her because she was filthy.

"Q. What did you do at that point when he blurted out that he hated her?

"A. I told him to stand by one until I could get that paper work all squared away, and then I said, we can put it all down. Sgt. Timmons at that point I call him over, and I told him, I said, 'I'm fixing to take a statement from this man.' And I asked him again, I said, 'Look,' I said, 'I don't want to beat

---

1. This statute provides, in pertinent part:

"(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes to a child who is 14 years of age or younger:

"(1) serious bodily injury;"

2. No fact issue was raised regarding these matters.

around the bush. I want to get directly down to business. Tell me what happened in your own words.' I said, 'Don't lie to me because I'd hate for something to come up later on.' And at this point he started telling me exactly what had happened.

"Q. And when did you give him the *Miranda* Warning?

"A. Just prior to it because I advised him that he understood. I said, you realize that what the Magistrate has told you is a Magistrate's Warning. This is a *Miranda* Warning, and I read him a *Miranda* Warning off the form there. And I asked him if he understood."

At 7:34 p. m., less than one hour after his request for counsel to the magistrate, appellant signed the confession upon which his conviction and this ground of error are based. At no time prior to the signing of the statement did counsel, previously requested, assist appellant.

The record does not contain the magistrate's order appointing counsel for appellant. It is unclear from the record whether appellant requested counsel for any upcoming trial or counsel to assist him during any police interrogation. The magistrate's warning itself makes no clear distinction on this point, and the warning read to appellant when he was arrested referred only to a right to have counsel appointed "prior to or during any questioning." The record does reflect, however, that despite this request for an attorney, one was not appointed for him until some ten days later. Hence appellant's first contact with an attorney came well after he signed a written statement confessing the instant offense.

The issue, then, is whether, under the facts and circumstances described above, appellant's confession given without the assistance of counsel was in violation of his "*Miranda*" right to counsel.

■ Whether an accused has waived his right to have counsel present during questioning must be determined from a totality of the circumstances. *Furtick v. State*, 592 S.W.2d 616, 617 (Tex.Cr.App.). A waiver need not be express, but may be found in the circumstances surrounding the confession. Id. at 617. The United States Supreme Court has explained the determination of a waiver of *Miranda* rights as follows:

"The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case. As was unequivocally said in *Miranda*, mere silence is not enough. That does not mean that the defendant's silence, coupled with an understanding of his rights and a course of conduct indicating waiver, may never support a conclusion that a defendant has waived his rights. *The court must presume that a defendant did not waive his rights; the prosecution's burden is great; but in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated.*" (Emphasis added.) *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979).

■ The State's contention that a waiver is demonstrated by the fact that appellant did not request the presence of an attorney immediately prior to or during the interrogation when coupled with the fact that police warned appellant of this right prior to the confession is not persuasive because the officer also testified appellant did not say he did *not* want counsel, and this was but a short time after appellant told the magistrate, in the officer's presence, that he *did* want an attorney. At most this demonstrates silence on the matter of waiver, and mere silence will not constitute a waiver. The State has not met its heavy burden to show that the right to assistance of counsel was waived in this case.

This case is distinguishable from the facts presented in *North Carolina v. Butler*, supra. In that case the defendant's express words[3] indicated a willingness to talk to

3. The defendant in that case, after being warned, said, "I will talk to you but I am not signing any form."

the interrogating officer without counsel, which sufficiently established a waiver of his rights. Also there was no prior request for counsel in that case. Neither is this case similar to *Furtick v. State*, 592 S.W.2d 616. In that case the record established that appellant requested only to consult with and did in fact consult with his father before supplying police with a confession. Such facts were sufficient to establish a waiver. Id. at 617. See also *Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). Likewise, in *Blasingame v. Estelle*, 604 F.2d 893 (5th Cir. 1979), the waiver of the *Miranda* right to counsel was established by State's evidence that the defendant's request for counsel at arraignment was not a request for counsel during interrogation. In the instant case there is no such evidence indicating that appellant's request for counsel was not a request for counsel during interrogation. The wording of the magistrate's warning does not differentiate between a request for appointment of counsel for consultation during interrogation and one for appointment for later consultation. Also, interrogation in *Blasingame* occurred 12 hours after appearance before the magistrate, not immediately upon the heels of the request for counsel made in this case.

Hence we are presented with a situation more akin to *Tague v. Louisiana*, 444 U.S. 469, 100 S.Ct. 652, 62 L.Ed.2d 622 (1980). The facts of the case are as follows:

"At the suppression hearing in the trial court, the arresting officer testified that he read petitioner his *Miranda* rights from a card, that he could not presently remember what those rights were, that he could not recall whether he asked petitioner whether he understood the rights as read to him, and that he 'couldn't say yes or no' whether he rendered any tests to determine whether petitioner was literate or otherwise capable of understanding his rights."

The Supreme Court found that "no evidence at all was introduced to prove that petitioner knowingly and intelligently waived his rights before making the inculpatory statements." *Tague v. Louisiana*, supra at 471, 100 S.Ct. at 653. The court made clear that " '[t]he courts must presume that a defendant did not waive his rights; the prosecution's burden is great.' " *Tague v. Louisiana*, supra at 471, 100 S.Ct. at 653 *citing North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1970). See also, *Edwards v. Arizona*, —— U.S. ——, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

Likewise, we find no evidence in this record to establish that appellant's request for counsel before the magistrate was not a request for counsel during the interrogation which shortly followed. The State has not met its heavy burden to show that appellant waived his right to counsel. Accordingly, the statement was inadmissible. Further, since the confession was the only evidence linking appellant to the commission of the crime, harm is definitely presented.

The judgment is reversed and the cause remanded.