Vernice Allen **DEWEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–076–CR.**

Court of Appeals of Texas,
Fort Worth.

March 10, 1982.

Discretionary Review Refused
June 2, 1982.

M. P. Duncan III, Inc., and M. P. Duncan, III, Decatur, for appellant.

Brock Smith, Dist. Atty., Decatur, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

The appellant, Vernice Allen Dewey, was found guilty of the offense of burglary. He was assessed a punishment of twenty years confinement in the Texas Department of Corrections and a $5000.00 fine. The question presented for review is whether the appellant's oral confession and the fruits thereof were erroneously admitted into evidence. Appellant contends that the oral confession was derived from an illegal custodial interrogation.

We affirm the judgment of the trial court.

At approximately 7:00 p. m., sheriff's deputies Whitehead and Morgan were investigating the burglaries of certain habitations located on Lake Bridgeport. The officers observed that the doors of these habitations had been kicked in. Each of the doors bore a bootprint. A search of the areas outside uncovered a trail of bootprints which the officers followed to the site of a drilling rig. The supervisor of the rig was cooperative and allowed the officers to conduct an inspection which included a view of the worker's dressing room. Hanging on the wall of this dressing room was a pair of boots with a tread design similar to that of the tracks the officers had traced to the rig. Unable to determine the ownership of these boots, the officers left and returned to the rig at 11:00 p. m. on the same date at which time a different crew was to be working. On this return visit the officers noticed the appellant wearing the boots they had seen earlier. After having waited for the crew to complete an operation the officers approached the appellant.

Officer Whitehead testified that the following transpired:

"I advised Mr. Dewey that I would like to talk to him in regard to this and asked him if he would accompany us down off of the rig floor because of the noise level on the rig floor. He agreed that it would be all right with him, so we went down off the rig floor and at that time I read him the *Miranda* warning."

Whitehead further testified that appellant acknowledged his understanding of the rights which had been read to him and said, "it would be find (sic), he would talk to us". The three had talked in the officers' patrol car for approximately 45 minutes when the appellant orally confessed to having burglarized the habitations and thereafter led the officers to where he had hidden the guns he had stolen.

The officers testified that even though their attention had focused upon the appellant as a suspect, they did not feel they had enough information to obtain an arrest warrant as they began speaking with the appellant. Whitehead testified, however, that their attention was drawn to appellant simply because of the boots he was wearing and that the appellant would not have been restrained if he had elected to exit the car. In fact, the testimony shows that at one point the appellant got out of the police car, walked to his car which was standing about 25 to 30 feet away, obtained a beer from his car's trunk, and returned to the officers' car. The officers' testimony was that the appellant was arrested only after he had orally confessed to the burglaries.

In the case of *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979) the United States Supreme Court specifically addressed "the question of the legality of custodial questioning on less than probable cause for a full-fledged arrest". The Court held that if an individual is "seized" for interrogation without probable cause, the Fourth Amendment is violated if the taint of the illegal arrest is not removed by an intervening event of significance.

In *Dunaway* the police had obtained a lead implicating the accused in an attempted robbery, but had not obtained enough information to get a warrant for his arrest. The Court stated that the accused was thereafter "taken into custody; although he was not told he was under arrest, he would have been physically restrained if he had attempted to leave". 442 U.S. at 203, 99 S.Ct. at 2251. He was taken to the police station and placed in an interrogation room where he was questioned after having been read his *Miranda* rights. Certain statements were made by the accused during the interrogation. The admissibility of these statements was at issue before the Court.

As is the case here, the accused in *Dunaway* did not contest that proper *Miranda* warnings had been given and that the statements were "voluntary" for purposes of the Fifth Amendment. This effectively disposes of any Fifth Amendment problems. However, in the face of an assertion that an arrest was illegal, the Fifth Amendment's requirement of voluntariness is merely a "threshold requirement" for Fourth Amendment analysis. This is the import of *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) which held that *Miranda* warnings, and the exclusion of a confession made without them, do not alone sufficiently deter a Fourth Amendment violation. The Court in *Dunaway* elaborated by stating that "if the Fifth Amendment has been violated, the Fourth Amendment issue would not have been reached". 442 U.S. at 218, 99 S.Ct. at 2259.

In its discussion of the application of the Fourth Amendment, the Court in *Dunaway* worked upon the theory that the accused had been "seized" in the Fourth Amendment sense when he was taken to the police station. The Court rejected the State's reliance upon *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and found the accused's detention not to have been a brief and narrowly circumscribed intrusion, but to have been indistinguishable from a traditional arrest. The Court noted that the constitutional propriety of an investigative seizure upon less than probable cause for purposes of "detention and/or interrogation" was specifically left unaddressed by the Court in *Terry*.

Thus, whether the appellant here was "seized" in terms of the Fourth Amendment is critical to our inquiry. In *Terry* the Court stated that it must be recognized that "whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person". 392 U.S. at 15, 88 S.Ct. at 1877.

It was pivotal in *Dunaway* that the accused there would have been physically restrained if he had refused to accompany the officers or had tried to escape their custody. Here the officers repeatedly testified that they would not have restrained the appellant if he had attempted to leave the car. There was no force exerted on the appellant. The fact that the appellant went to his car to obtain a beer from the car's trunk bolsters this testimony.

In *Dunaway* it was the "detention for custodial interrogation" in the absence of probable cause which was found to "intrude so severely on interests protected by the Fourth Amendment as necessarily to trigger the traditional safeguards against illegal arrest". 442 U.S. at 215, 99 S.Ct. at 2258. In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) the Court stated that "custodial interrogation" means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way". 99 S.Ct. at 1612.

These factors have been considered in determining whether a defendant is in cus-

tody: (1) probable cause to arrest; (2) subjective intent of the police; (3) focus of the investigation; (4) subjective intent of the accused. *Payne v. State,* 579 S.W.2d 932 (Tex.Cr.App.1979). Here, the appellant never testified that he thought he was under detention. The fact that he went to his car for a beer would belie such a contention. Although the officers had focused upon the appellant as a suspect, it was simply because he was wearing boots "similar" to those which had created the trail. The officers had not gone to the site of the rig looking specifically for the appellant. The officers admitted they had no probable cause for arrest and would have let the appellant exit the car if he had so wished. We do not deem the fact that the appellant was read his *Miranda* rights as controlling the issue as to whether the appellant was detained for purpose of custodial interrogation. Such a precautionary step would otherwise be discouraged.

We hold that the appellant was not illegally "seized" under the Fourth Amendment. We overrule the two grounds of error.

The judgment of the trial court is affirmed.