UNITED STATES, Appellee,

v.

Specialist Four (E–4) Johnnie K. GOODSON, SSN 551–25–8552, United States Army, Appellant.

SPCM 16459.

U. S. Army Court of Military Review.

30 July 1982.

Captain Kenneth G. Gale, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Joyce E. Peters, JAGC, Major James F. Nagle, JAGC, and Captain Edwin S. Castle, JAGC.

Captain Michael E. Pfau, JAGC, argued the cause for the appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain Patrick M. Flachs, JAGC.

Before MILLER, KUCERA and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

On appeal[1] the principal issue is whether the trial judge committed error in refusing to suppress appellant's oral and written pretrial statements allegedly obtained in violation of his right to counsel. We affirm.

In the early morning hours of 28 February 1981, the appellant and eight others were apprehended at Aberdeen Proving Grounds, Maryland, for use and possession of marihuana. At about 0230 hours, they were transported to the military police station where they were placed in custody. Within fifteen minutes after they arrived at the station, the appellant stated that he did not want to make a statement and that he wanted a lawyer. Within the next two hours, the appellant twice repeated his request to see a lawyer and on each occasion the appellant was told that he could not see a lawyer at that time.

At about 1200 hours, some nine to ten hours after the initial apprehension, Military Police Investigator (MPI) Dennis Allinder called the appellant into his office. Their meeting was the first attempt by the Government to interrogate appellant since his apprehension.[2] Allinder read and explained the appellant's Miranda and Article 31, 10 U.S.C. § 831 rights to him.[3] The appellant indicated both his understanding of those rights as expressed by Allinder and his desire to make a statement explaining his involvement. While he discussed the offenses with Allinder, appellant never requested a lawyer or indicated that he had previously requested counsel.[4] Appellant's inculpating oral statement was offered into evidence.

On 2 March the appellant was called into the office of his company commander, Captain Candace Fox, and questioned concerning his involvement. Following proper warnings the appellant rendered a written inculpating statement. This too was offered into evidence.

At trial, the appellant moved to suppress both his oral and written post-arrest statements on a number of grounds including

1. The appellant was convicted of possession and use of marihuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was also convicted of attempting to possess, transfer, and use amphetamines in violation of Article 80, UCMJ, 10 U.S.C. § 880. His sentence provided for a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $334.00 pay per month for three months and reduction to Private E 1.

2. The appellant had previously been told not be make any statements until his rights were read to him by Agent Allinder.

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831 (1976).

4. There was testimony at trial that Agent Allinder was aware of appellant's requests for counsel.

the contention that any interrogation after he had requested counsel after apprehension was impermissible. The trial judge ruled against him and admitted both statements.

■ "[A]n accused . . . [once] having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U.S. 477, 484–485, 101 S.Ct. 1880, 1884–1885, 68 L.Ed.2d 378 (1981). The prohibition in *Edwards* is aimed at attempts by authorities "to *reinterrogate* an accused in custody if he has clearly asserted his right to counsel." *Id.* at 485, 101 S.Ct. at 1885. (Emphasis added.) The Fifth Amendment right to counsel identified in *Miranda* does not grant an accused a right to confer with or have counsel immediately upon apprehension and before questions eliciting an incriminating response are put to him. Nor does it prevent initial interrogation where the accused's prior requests are not made in such a way as to preclude any subsequent interrogation. *Blasingame v. Estelle*, 604 F.2d 893, 896 (5th Cir. 1979); *United States v. Ogden*, 572 F.2d 501 (5th Cir.), *cert. denied* 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978); *United States v. Rodriguez-Gastelum*, 569 F.2d 482 (9th Cir.) (en banc), *cert. denied* 436 U.S. 919, 98 S.Ct. 2266, 56 L.Ed.2d 760 (1978); *see United States v. Hart*, 619 F.2d 325 (4th Cir. 1980).

■ In the instant case appellant's request to confer with counsel after his apprehension was *not directly* related to his *Miranda* right to confer with counsel before answering any questions. Prior to the interrogation by Agent Allinder, the appellant was not subjected to any questioning. Thus, there was no right to confer with counsel or have counsel present. When appellant's *Miranda* right to confer with counsel finally ripened at the time Allinder began to question him, the appellant acknowledged that he understood his rights and did not desire counsel. Accordingly, the *Ed-*

*wards* "bright line" was not transgressed by the police. The statement is not subject to automatic exclusion, nor is the Government put to any heavy burden to show a suspect's subsequent waiver after initial assertion of a right. Rather, the initial request for an attorney where no right to one then exists is merely another relevant factor to determine whether, at the time of questioning, the suspect's waiver was knowing and intelligent.

This is not a case where the police failed to honor an accused's request during custodial interrogation to discontinue questioning or provide counsel. *United States v. Muldoon*, 10 M.J. 254 (CMA 1981); *United States v. Hill*, 5 M.J. 114 (CMA 1978); *United States v. Dillon*, 11 M.J. 922 (AFCMR 1981). Nor is this a case where the police subjected an accused to "repeated efforts to wear down his resistance and make him change his mind." *Michigan v. Mosely*, 423 U.S. 96, 105–106, 96 S.Ct. 321, 327, 46 L.Ed.2d 313 (1975). In contrast to such practice, the appellant here was advised at the time of his apprehension to remain silent and not make any statements until his rights had been read and fully explained to him.

■ Our holding that there was no infringement of the appellant's *Miranda* or Article 31 rights applies even though a prior request for counsel was made and assumes that appellant's earlier request was communicated to Agent Allinder. While an accused has an absolute right to avoid interrogation, he also has the prerogative to answer questions if that is his choice. The police should similarly be permitted the opportunity to ascertain whether an accused wishes to exercise that prerogative. Thus, a questioning official may legitimately make further inquiry to clarify an unclear expression of rights provided the inquiry is not an attempt to impinge on the exercise of an accused's right to remain silent or seek counsel. *Thompson v. Wainwright*, 601 F.2d 768 (5th Cir. 1979). To hold that a request for counsel no matter when given or how it is asserted bars an investigating officer from later finding out if the accused

wishes to exercise his prerogative to answer questions would transform the *Miranda* and Article 31 safeguards "into wholly irrational obstacles to legitimate police investigative activity, and deprive suspects of an opportunity to make informed and intelligent assessments of their interests." *Michigan v. Mosely, supra*, 423 U.S. at 102, 96 S.Ct. at 325; *Blasingame v. Estelle, supra*, 604 F.2d at 896.

What convinced the appellant to waive his rights and inculpate himself is not open to valid speculation. The appellant not unexpectedly testified that he did not renew his request for an attorney at the outset of Agent Allinder's interview because it had already been "denied to me, two or three times." We believe appellant's other testimony, however, that he chose to waive his rights and answer Allinder's questions because "[Allinder] already knew everything because I heard Waters' [a co-accused] statement because he gave a three-hour statement to that civilian attorney and I heard that and he told everything." We conclude that the appellant was attempting to make the best out of a bad situation rather than acting on the belief that counsel would be denied him upon his timely request. There is no dispute that Agent Allinder advised appellant of his right to confer with or have counsel present during the interview.

We conclude that appellant's statement to Agent Allinder was not taken in contravention of his *Miranda* and Article 31 rights. Moreover, the record otherwise supports a conclusion that the statement was voluntarily given without the use of force or coercion. As appellant's statement to Captain Fox followed proper warnings and was not adversely affected by the prior properly warned statement to Agent Allinder, we similarly conclude that it too was properly admitted. Finally, contrary to his claim of insufficiency of the evidence, we are convinced beyond a reasonable doubt of appellant's guilt.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge MILLER and Judge KUCERA concur.