**Dennis J. BARTLETT,**
**Petitioner-Appellant,**

v.

**T.L. ALLEN, etc., et al.,**
**Respondents-Appellees.**

No. 82–7284.

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1984.

---

Carl E. Chamblee, Gould Blair, Birmingham, Ala., for plaintiff-appellant.

Thomas Allison, Montgomery, Ala., for defendants-appellees.

Before TJOFLAT and FAY, Circuit Judges, and WISDOM *, Senior Circuit Judge.

FAY, Circuit Judge:

Appellant, Dennis Bartlett, appeals from the denial of his petition for a writ of habeas corpus by the United States District Court for the Northern District of Alabama. Bartlett was convicted in Alabama state court on charges of grand larceny and is currently incarcerated in the Alabama State Penitentiary. In this appeal, Bartlett contends that the continuing interrogation by state law enforcement officials subsequent to his request that a lawyer be present during such interrogation was a violation of his sixth amendment right to counsel and was an abridgement of the fifth and fourteenth amendments' proscription against compelled self-incrimination.

Specifically, Bartlett maintains that his written confession to the crime was a result of the constitutionally defective interrogation and that his conviction must therefore be reversed. We find that the actions of the law enforcement officials who interrogated Bartlett in disregard for Bartlett's request to speak with an attorney were totally improper. However, because Bartlett subsequently entered a full written confession, with the advice of counsel, to the charges which were the subject of the oral

---

* Honorable John Minor Wisdom, U.S. Circuit Judge for the Fifth Circuit, sitting by designa-   tion.

interrogation, Bartlett waived any rights which had attached to him during interrogation. The written confession was therefore admissible at trial, and we affirm the district court's refusal to grant the writ of habeas corpus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In early 1979, the Cullman County, Alabama Sheriff's Department discovered, during the course of a grand larceny investigation, a welding set in Bartlett's garage which matched the description of a missing item. Several sheriff's deputies apprehended Bartlett at his home and took him to the sheriff's office for questioning. Immediately upon arrival at the sheriff's office, Bartlett was read his *Miranda* rights.[1] Bartlett indicated that he wished to contact his attorney. He then unsuccessfully attempted at least twice to reach his attorney by telephone and finally left word that he was in the county jail. During the period that Bartlett was attempting to contact his attorney, a sheriff's deputy continued to question him. After continued discussions with the sheriff's deputy and further futile efforts to reach counsel, Bartlett agreed to give a statement in connection with the grand larceny investigation. The statement was tantamount to an oral confession, as Bartlett admitted his culpability with regard to the welding set. When Bartlett was approximately halfway through his statement, his attorney arrived and immediately asked that all questioning be ceased until he could meet privately with his client. The deputy honored this request and Bartlett engaged in a detailed discussion with his attorney. Following this conversation, and pursuant to the advice of counsel, Bartlett completed and signed the statement which he had initially presented orally to the deputy. This statement, like the previous oral representations, implicated him in the grand larceny investigation.

Prior to trial, Bartlett moved to suppress the written confession on the ground that his *Miranda* rights had been violated when the deputy continued to question him after he had invoked his right to counsel. The trial judge, following the presentation of extensive evidence on the motion to suppress, including the testimony of Bartlett, admitted the confession. The court found that the statement was voluntarily and intentionally given by the defendant in that he was aware of the consequences of his action.

Bartlett was tried before a jury in Alabama state court and was convicted of grand larceny in May, 1979. He was sentenced to five years in the state penitentiary. Bartlett appealed his conviction to the Alabama Court of Criminal Appeals, at which time he again raised the issue of the legality of the interrogation. The appellate court found that the trial court had ruled correctly, and upheld the finding that Bartlett's written confession was made voluntarily. *Bartlett v. State,* Ala.Cr.App., 387 So.2d 886, 889, *cert. denied,* 387 So.2d 891 (1980). In April, 1982 appellant filed a writ of habeas corpus in the United States District Court for the Northern District of Alabama which challenged, *inter alia,* the admissibility of the confession.[2] The United States Magistrate in July, 1982 filed his Report and Recommendations in which he recommended that the petition be denied. No objections to the Report and Recommendations were filed and on August 7, 1982, the district court denied the petition. On August 27, 1982, petitioner filed a notice of appeal to this court.

## II. FIFTH AND FOURTEENTH AMENDMENT RIGHTS[3]

In *Miranda v. Arizona,* the Supreme Court held that the fifth and fourteenth amendments' prohibition against compelled self-incrimination requires that custodial in-

---

1. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Appellant also asserted that the search and seizure of his garage were unconstitutional under the fourth amendment and that the procedures surrounding a prior probation revocation

hearing were illegal. Neither of these issues is before us here.

3. Although appellant makes numerous references to the sixth amendment right to counsel, he characterizes the right to have an attorney present during custodial interrogation solely as

terrogation be preceded by advice to the putative defendant that he has the right to remain silent and also the right to the presence of an attorney. 384 U.S. at 479, 86 S.Ct. at 1630. The Court also indicated the procedures to be followed subsequent to the warnings. If the accused indicates that he wishes to remain silent, "the interrogation must cease." If he requests counsel, "*the interrogation must cease until an attorney is present.*" *Id.* at 474, 86 S.Ct. at 1628 (emphasis added). The Court has reiterated and expanded upon the dictates of *Miranda* in subsequent cases. *See, e.g., Fare v. Michael C.,* 442 U.S. 707, 719, 99 S.Ct. 2560, 2569, 61 L.Ed.2d 197 (1979) (referring to *Miranda's* "rigid rule that an accused's request for an attorney is *per se* an invocation of his fifth amendment rights, requiring that all interrogation cease . . .")

It is the unambiguous rule from *Miranda,* that an accused's request for an attorney automatically cuts off the law enforcement official's right to further question the accused, that we must use to analyze the facts before us. Here the facts, as found by the district court, are that Bartlett asserted his right to counsel during the interrogation but the sheriff's deputy, without waiting for counsel to arrive, continued to confront Bartlett. It is also without dispute that the interrogation precipitated Bartlett's incriminating oral admissions. We cannot emphasize too strongly that the actions of the law enforcement officials in this instance were absolutely wrong. Pursuant to the well-known requirements of *Miranda,* once Bartlett asserted a desire to consult with counsel, the interrogation should have ceased immediately.

However, our finding of malfeasance on the part of the law enforcement officials does not end our consideration of the constitutional issues, for "the Court has never gone so far as to hold that making a confession under circumstances which preclude its use perpetually disables the confessor from making a usable one after those conditions have been removed." *United States v. Bayer,* 331 U.S. 532, 541, 67 S.Ct. 1394, 1398, 91 L.Ed. 1654 (1947). Once the actions of law enforcement officials during a custodial interrogation have been found to have infringed upon an accused's fifth and fourteenth amendment rights, the determinative issue becomes whether the defendant's subsequent actions effected a waiver of those rights. *Id.* at 542, 67 S.Ct. at 1399. The Supreme Court has stated that if the interrogation continues without the presence of an attorney, notwithstanding an accused's request for representation, and a statement is taken, "a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda v. Arizona,* 384 U.S. at 474–75, 86 S.Ct. at 1628 (*citing Escobedo v. Illinois,* 378 U.S. 478, n. 14, 84 S.Ct. 1758, 1764, 12 L.Ed.2d 977 (1964). A determination of the waiver issue must necessarily depend in each case upon the peculiar facts and circumstances surrounding that case, including the background, experience and conduct of the accused. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Martinez v. Estelle,* 612 F.2d 173 (5th Cir.1980).[4]

one element of the fifth and fourteenth amendments' prohibition against self-incrimination. Appellant does not argue that the State deprived him of his right to counsel under the sixth and fourteenth amendments as construed and applied in *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). In that case, the Court held that the sixth amendment right to counsel attaches whenever an accused has been indicted or adversary criminal proceedings have otherwise begun and that this right is violated when admissions are subsequently elicited from the accused in the absence of counsel. While it is not altogether clear that the interrogation of appellant in this case constituted "adversary criminal proceed-

ings", see *Kirby v. Illinois,* 406 U.S. 682, 689–90, 92 S.Ct. 1877, 1882–83, 32 L.Ed.2d 411 (1972), and *Moore v. Illinois,* 434 U.S. 220, 226–27, 98 S.Ct. 458, 463–64, 54 L.Ed.2d 424 (1977), we need not decide this issue, for our discussion of waiver with reference to *Miranda* rights is equally applicable here. Thus, even if appellant's rights under *Massiah* attached, we find that these rights were waived so as to render the confession admissible.

4. Decisions of the Fifth Circuit handed down prior to October 1, 1981, are binding precedent on this Court unless and until overruled or modified by this Court *en banc. Bonner v. City*

Our determination of whether the actions of Bartlett or of his attorney constituted waiver of appellant's privilege against self-incrimination must therefore be based upon the peculiar facts of this case. We find that there are circumstances here which indicate that such a waiver was indeed effected. Bartlett's attorney arrived during the interrogation. The attorney conferred with Bartlett and fully advised him of his rights. Bartlett completed, reiterated and even supplemented his prior statements to the sheriff's deputy. We find that under these circumstances, Bartlett waived any rights which had been breached during the improper questioning.[5]

Specifically, the record shows that Bartlett was of at least average intelligence and that he understood the *Miranda* rights which were properly read to him prior to any admissions. Bartlett was not inexperienced in criminal matters, as two years earlier he had been convicted of three counts of grand larceny and was on probation at the time of his arrest in this case. Most importantly, it is clear from the record that Bartlett's counsel reviewed the half-completed statement which Bartlett had made prior to his arrival, and that counsel conferred with Bartlett in private regarding the circumstances of appellant's arrest and the prior questioning. Bartlett's statement, a confession which ratified and embellished his prior oral remarks, was then signed upon the advice of and in the presence of counsel. It was this written and signed confession, not the previous oral statements, which was admitted at trial.

Bartlett cites numerous cases in support of his argument that there can be no waiver of the privilege against self-incrimination and of the right to counsel. *See United States v. Massey,* 550 F.2d 300 (5th Cir. 1977), *United States v. Blair,* 470 F.2d 331 (5th Cir.1972), *United States v. Priest,* 409 F.2d 491 (5th Cir.1969). However, in none of these cases was the defendant's attorney present during *any phase* of the questioning. Likewise, the Supreme Court's recent decisions in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and *Oregon v. Bradshaw,* —— U.S. ——, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983), establish an analysis of circumstances in which "an accused ..., having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities *until counsel has been made* available to him...." *Id.* (emphasis added). The stringent test of waiver as mandated by the Supreme Court and the Fifth Circuit was designed specifically for situations in which an accused does not have the safeguard of a knowledgeable attorney to represent his interests. In instances where such an attorney does appear, as here, that test no longer controls.[6]

Recognizing the specific facts of this case, and noting in particular the active role taken by Bartlett's attorney during the latter stages of the interrogation at issue, we find no basis for excluding Bartlett's written statement. The motion to suppress was properly denied. The district court's denial of the petition for a writ of habeas corpus is AFFIRMED.

---

*of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

5. The parties vigorously debate the applicability of *Edwards* to appellant's trial, as the trial occurred two years prior to the decision in *Edwards.* For the reasons set forth below, *Edwards* is not dispositive of this case; we thus need not reach this issue.

6. In *United States v. Hale,* 397 F.2d 427 (7th Cir.), *cert. denied,* 393 U.S. 1067, 89 S.Ct. 723, 21 L.Ed.2d 710 (1968), in which the court was similarly confronted with an illegally obtained confession followed by a defendant's consultation with his attorney and subsequent statement, the court declined to hold the latter statement inadmissible on the basis that it was derivative of the prior illegal confession.