**William Earl MALLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–85–075–CR.**

Court of Appeals of Texas,
Texarkana.

March 18, 1986.

Rehearing Denied April 24, 1986.

Ron Adkison, Wellborn, Houston, Adkison, Mann & Sadler, Henderson, for appellant.

Richard W. White, Asst. Dist. Atty., Henderson, for appellee.

CORNELIUS, Chief Justice.

William Earl Mallard was convicted of murder and assessed punishment of sixty years confinement. On appeal he alleges error because his videotaped statement was not suppressed for being in violation of his fourth, fifth, and sixth amendment rights.

Shortly before noon on August 13, 1984, the body of Robert E. Dulaney was found at his home. He had been killed during a robbery. A relative of Dulaney made a list of items missing from the home and gave it to law enforcement officers. At about 5:30 in the afternoon of August 13, officers received a tip from an informant that Mallard had been attempting to sell some of the stolen property and that he had blood on his clothes and was bragging about having robbed someone for the property.

Officers Charles Alexander and David Wright sought to find and talk to Mallard about the robbery-murder. They found him in a playground playing basketball. At the officers' request, Mallard consented to go to the station and talk to them about the incident. Officer Alexander testified that Mallard was given his *Miranda*[1] warnings at the playground.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.     1602, 16 L.Ed.2d 694 (1966).

Mallard was taken to the station at about 6:30 p.m. on August 13. Around 8:30 p.m. on the 13th, Mallard's sister gave a consent to search her home (where Mallard also lived), and the search produced several items taken in the robbery. Later that evening Mallard made an oral statement that he and a party named Ledesma had robbed and killed Dulaney. Based on that oral statement and the other evidence against him, Mallard was formally arrested at about 11:00 p.m. on August 13. At approximately 11:45 p.m. he was taken before a justice of the peace who gave him the statutory warnings.

At 9:50 p.m. on August 14, Mallard signed a written statement. Because of inconsistent and contradictory testimony at trial as to who actually witnessed Mallard's signature, the trial court suppressed the written statement.

After Mallard signed the written statement he was returned to his cell to retire for the night. When he arose on the morning of August 15, he was taken back to an investigator's office and asked to make a videotaped statement. He was again given his *Miranda* warnings before he was asked or agreed to do the videotape. At the *Jackson v. Denno* [2] hearing the trial court refused to suppress the videotape. Mallard then, in accordance with a plea bargain, pled nolo contendere to the lesser included offense of murder.[3] The terms of the plea bargain allowed Mallard to preserve his right to appeal the trial court's ruling on the motion to suppress the videotaped statement.

Various reasons are assigned to support the argument that the videotaped statement should have been suppressed: Mallard was illegally detained when he made his first oral statement, the videotape was the product of the suppressed written statement, Mallard had no attorney when he made the statements, he was interrogated after he requested not to be, and the videotape was the "fruit of the poisoned tree" of these constitutional violations.

The judge at a *Jackson v. Denno* hearing is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve any part of the witnesses' testimony. *Johnson v. State*, 698 S.W.2d 154 (Tex.Crim.App.1985); *Hawkins v. State*, 660 S.W.2d 65 (Tex.Crim.App.1983). The appellate court is not at liberty to disturb the trial court's findings of fact if they are supported by the record, and should only address the question of whether the trial court improperly applied the facts to the law. *Faulder v. State*, 611 S.W.2d 630 (Tex.Crim.App.1979), *cert. denied*, 449 U.S. 874, 101 S.Ct. 215, 66 L.Ed.2d 95 (1980).

The trial court found that Mallard was not in custody on August 13 until he orally admitted the crime. The record reflects that Mallard voluntarily went to the station to talk with the officers and that all of the officers testified he was free to go until the time he orally confessed. After his oral confession, the officers had probable cause to detain him until an arrest warrant could be obtained.

In *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977), the defendant voluntarily went to the police station after being asked to do so. Upon arrival he was escorted into an office and informed that, while not under arrest, he was a suspect in a burglary. The officers falsely told the defendant his fingerprints were found at the scene. He was interrogated in the closed office at the station, and during interrogation confessed to the crime. The United States Supreme Court held that he was not in custody or otherwise deprived of his freedom of action in any significant way.

In *Stone v. State*, 583 S.W.2d 410 (Tex. Crim.App.1979), the defendant voluntarily went to the police station. At the station he was given his *Miranda* warnings and a polygraph test. After failing the poly-

**2.** *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *see also,* Tex.Code Crim. Proc.Ann. art. 38.22 (Vernon 1979 & Supp. 1986).

**3.** He was indicted for capital murder.

graph test he was informed he would probably be charged with the crime. He then admitted his guilt. The Court of Criminal Appeals held that since at no time prior to the confession was the defendant placed under arrest, told that he was under arrest, or told that he could not leave, he was not in custody. *Stone v. State,* supra; *see also, Shiflet v. State,* No. 81282 (Tex.Crim. App., Oct. 9, 1985) (not yet reported); *Penry v. State,* 691 S.W.2d 636 (Tex.Crim. App.1985); *Dewey v. State,* 629 S.W.2d 885 (Tex.App.—Fort Worth 1982, pet. ref'd).

█ As Mallard voluntarily went to the police station, was never told he was under arrest, and although he was a suspect, he was free to go until he admitted the crime, he was not in custody for the purposes of Tex.Code Crim.Proc.Ann. art. 38.22 (Vernon 1979 & Supp.1986) or *Miranda v. Arizona,* supra. The contention is raised that because a probable cause affidavit made by one of the officers stated that Mallard was in custody, a finding that he was not in custody cannot stand. The conclusion stated by the officer was not binding on the fact finder. The totality of the circumstances must be considered, and there was more than ample evidence that Mallard was not in custody when he made the oral statement. Moreover, even if Mallard had been in custody, there was evidence sufficient to allow the trial court to find that he had been given his *Miranda* warnings prior to any questioning.

█ We are told that the videotaped statement should have been suppressed as "fruit of the poisoned tree" because it was derived from the suppressed written statement. The oral statement was given at approximately 10:45 the evening of the 13th; Mallard was taken before the magistrate at 11:45 p.m. on the 13th; the written statement was signed at 9:50 on the evening of the 14th; and the videotaped statement was made at about 10:15 a.m. on August 15, after Mallard had a full night's sleep. Even if a taint could be said to have attached to the written statement, there is ample evidence to support a finding that

the videotape was of sufficient independent origin and volition as not to be derivative of it. Indeed, common sense would compel the conclusion that if the videotape was derivative at all, it was from the oral statement. We find sufficient evidence in the record to support the trial court's finding that the videotaped statement was not derivative of the written statement.

█ Additionally, even when a suspect has made an unwarned voluntary statement, if after receiving his *Miranda* warnings he validly waives his rights and confesses again, the second statement is admissible. *Oregon v. Elstad,* 470 U.S. ——, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985). There is no evidence that the prior oral statement in this case was coerced, and it is undisputed that before Mallard made the videotape he was advised of his *Miranda* rights and that he freely, intelligently, and knowingly waived them. No error is shown.

█ Mallard asserts the videotaped statement should have been suppressed because he was denied an attorney during his interrogation and incarceration, and the officers questioned him even after he requested that the interrogation cease.

Once a defendant indicates in any way he desires counsel, interrogation must cease and counsel must be appointed. *Ochoa v. State,* 573 S.W.2d 796 (Tex.Crim.App.1978). A review of the record here shows that Mallard never testified that he requested counsel, and two officers testified that he did not. Since Mallard was advised repeatedly of his right to an attorney, but never requested one, there was no error in the failure to provide him one. *Corley v. State,* 582 S.W.2d 815 (Tex.Crim.App.); *cert. denied,* 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 176 (1979). Concerning the interrogation, Mallard testified that at one point he asked not to be questioned and the officers stopped. The officers contacted Mallard three hours later and he told them he needed a little more time to think about whether he would make a statement. The officers waited one day and then contacted

him again when a statement was made. Officer Lee testified that Mallard indicated that he did not want to give a statement so they stopped questioning him. The officers later talked with him again, and he said he did not want to give a statement right then and that he needed a little more time. When they questioned him the next day, he gave a statement.

Since interrogation stopped whenever Mallard requested it and was not resumed until some time later, and since he was given his *Miranda* warnings before he made any statement, there is evidence to support the finding that under the totality of the circumstances his right to cut off questioning was honored. *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); *Castillo v. State*, 616 S.W.2d 620 (Tex.Crim.App.1981); *Kneeland v. State*, 543 S.W.2d 386 (Tex.Crim.App.1976).

The judgment is affirmed.