UNITED STATES of America ex rel.
David Lee KIMES, Petitioner,

v.

James GREER, Warden, et al.,
Respondents.

No. 81 C 617.

United States District Court,
N. D. Illinois, E. D.

Dec. 8, 1981.

David Lee Kimes, pro se.

Tyrone C. Fahner, Atty. Gen. of Illinois by Neal B. Goodfriend, Asst. Atty. Gen., Chicago, Ill., for respondents.

ORDER

BUA, District Judge.

Petitioner David Lee Kimes filed this petition for a writ of habeas corpus to challenge his August 22, 1977 state court convictions for armed robberies of a Clark Gas Station and a Convenient Food Store in Aurora, Illinois. Petitioner claims 1) that the confession admitted against him at his trial was obtained in violation of his fifth amendment privilege against self-incrimination, and 2) that certain evidence used at trial was seized in an illegal search of his hotel room in violation of the fourth amendment. The issues were timely raised in the trial court and on appeal to the Illinois Supreme Court. Petitioner's convictions at two separate trials were affirmed on appeal. *People v. Kimes*, Nos. 78–107 and 78–108 (cons.) (2d Dist., July 31, 1979), *peti-*

*tion for leave to appeal denied*, No. 52505 (November 29, 1979) (unpublished order). There is no issue as to petitioner's exhaustion of state remedies. The petitioner was sentenced on September 23, 1977 to a minimum of seven years and a maximum of fifteen years for each charge, the sentences to run consecutively.[1]

The case is now before the court on respondents' motion for summary judgment. The court, however, on its own motion, finds that petitioner is entitled to summary judgment as a matter of law. *See Stamatiou v. United States Gypsum Company*, 400 F.Supp. 431, 440 (D.C.Ill.1975) *affd. without opinion* 534 F.2d 330 (7th Cir. 1976); 10 Wright and Miller, *Federal Practice and Procedure*, § 2720 (1973). To the extent that there is any genuine issue of material fact herein, it has been resolved in favor of the state. Accordingly, an evidentiary hearing is not deemed necessary. *See* Rule 8(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254: *Blackledge v. Allison*, 431 U.S. 63, 81–82, 97 S.Ct. 1621, 1632–33, 52 L.Ed.2d 136 (1977); *United States ex rel. Sanders v. Rowe*, 460 F.Supp. 1128, 1131 (N.D.Ill.1978).

## I.

On April 17, 1977, the petitioner, David Lee Kimes, was charged in separate informations with the armed robbery of a Clark Gas Station and the armed robbery of a Convenient Food Store. Both crimes were alleged to have been committed in Aurora, Illinois. On July 14, 1977, a hearing was held on the petitioner's motion to suppress oral and written statements given by him to officers of the Aurora Police Department. At that hearing, Detective Thomas Herlihy of the Aurora Police Department testified that he had arrested the petitioner at approximately 1:00 p. m. on April 16, 1977 for an unrelated theft of money from the First American Bank. Prior to questioning the petitioner about the First American Bank theft, the officer advised him of his rights. The petitioner read and signed the rights form. When the petitioner denied any knowledge of the theft, Detective Herlihy showed him a photograph of the perpetrator of that theft which was taken at the scene. After seeing the photograph, the petitioner said he wanted to talk to a lawyer and would talk no further with Detective Herlihy. Detective Herlihy stated that the interrogation ceased at that point and the petitioner was taken back to the lockup.

Several hours after the initial questioning, the petitioner asked for and was given an opportunity to make a phone call. The petitioner called his wife and was able to talk with her.

Detective Gatske of the Aurora Police Department testified that just prior to 7:00 p. m. on April 16, 1977 he asked the petitioner if he would talk to him. The petitioner stated that he would. At approximately 7:00 p. m., the petitioner was taken to Gatske's office where he met Detective Gatske and Officer Rehberg, another member of the Aurora Police Department. The petitioner was read his rights, stated that he understood his rights, and proceeded to sign and initial the waiver form according to the officer's instructions.[2] Officer Reh-

---

1. The petitioner is also serving a 5–15 year term on one count of escape. (No. 77–CF–22648). This sentence was imposed on November 2, 1977 and is to be served concurrently with the armed robbery sentences. This conviction is not under attack in the instant petition for a writ of habeas corpus.

2. There is some controversy as to petitioner's execution of the written waiver form. Petitioner apparently signed only six of the eight paragraphs on the waiver form; he did not initial the sentences which stated he was willing to talk without a lawyer or that no promises or threats had been made to him. (R. 97–98).

The officer's testimony was to the effect that no inferences were to be drawn from the petitioner's deletion. It was asserted that petitioner was told that his signature at the bottom of the form would suffice to make the waiver complete. (R. 73, 120, 736–38, 757). In light of the grounds for the court's decision, it is unnecessary to resolve this factual dispute.

There is also conflicting testimony as to petitioner's mental and physical state at the time of the questioning. Petitioner claims that he was under the influence of heroin, that he needed medical attention, and that he informed the officers of this fact. (*See generally* R. 139–152). The officers claim that petitioner only

berg's testimony was substantially the same as Detective Gatske's.

■ The petitioner proceeded to discuss his involvement in the commission of the two offenses. A written statement was then taken in which petitioner responded to questions regarding the armed robbery of the Clark Gas Station.[3]

Motions to suppress the oral and written statements were made at both trials and both were denied. The denials were affirmed on appeal.

## II.

■ Petitioner asks this court to find that his confession was illegally obtained and, as a result, should have been suppressed at trial. Petitioner claims that his privilege against self-incrimination was violated when interrogation was reinitiated after petitioner had said that he wanted to talk to a lawyer. The court agrees.

This decision is controlled by the Supreme Court's recent holding in *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In that case the Supreme Court, on facts very similar to those of the case at bar held

"that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the

authorities until counsel has been made available to him, unless the accused him-self initiates further communication, exchanges, or conversations with the police."

451 U.S. at 484, 101 S.Ct. at 1884.

■ The opinion is broad, clear and unambiguous. Although defendants argue that the holding contemplates a searching factual inquiry as to whether the defendant may have conducted himself in a manner indicating a waiver of his initial request, the clear wording of the opinion contradicts this assertion. The rule set out by the Supreme Court is subject only to the limited exception where the questioning following the first interrogation is initiated by the defendant. The court stated,

"[W]e do not hold or imply that Edwards was powerless to countermand his election or that the authorities could in no event use any incriminating statements made by Edwards prior to his having access to counsel. *Had Edwards initiated the meeting on January 20, nothing in the Fifth and Fourteenth Amendments would prohibit the police from merely listening to his voluntary, volunteered statements and using them against him at trial.*"

451 U.S. 485, 101 S.Ct. at 1885 (emphasis added).

The court's holding was stated unequivocably. "We emphasize that it is inconsistent with *Miranda* and its progeny for the authorities, at their instance, to reinterrogate an accused if he has clearly asserted his right to counsel." *Id.* Here, Kimes clearly made known his desire to consult an attorney. At that point questioning should have

---

mentioned his state after the questioning, and that, at the time of the interrogation, petitioner did not exhibit any signs of the effects of the drug. (R. 89–90, 98, 113–114, 147). Again, in light of the grounds for this court's holding in this case, this factual dispute may remain unresolved.

**3.** At petitioner's suppression hearing, the trial judge placed substantial weight on the fact that the initial questioning was with regard to one robbery and the second interrogation related to another incident. The court stated:

"In this case, also, there is a difference [from the *Miranda* line of cases] in that the initial interrogation when the defendant requested counsel, was on one matter, one charge or one possible offense, and yet the statement was obtained at a later time in another offense and it seems to me that that's the fundamental difference in this case . . ." (R. 197)

It is this court's belief that the distinction identified by the trial court is irrelevant to our holding. *Cf. United States ex rel. Sanders v. Rowe*, 460 F.Supp. 1128, 1139 (N.D.Ill.1978).

ceased. *Cf. Jacks v. Duckworth*, 651 F.2d 480, 483 (7th Cir. 1981).

### III.

Respondents attempt in the second half of their brief to argue that even if the police officers' conduct violated the requirements of *Edwards*, the admission of the confession at trial should nonetheless stand. They argue that this court should carve out an exception from the *Edwards* rule for "technical" violations committed in "good faith." The decision in *Edwards* does not support this analysis. It allows for only a limited exception, which is not present on the facts of this case. In holding that petitioner's petition for a writ of habeas corpus must be granted, this court imputes no finding as to the good or bad faith of the police officers.

### IV.

Finally, the petitioner, in addition to his fifth amendment claim, asserts that evidence was seized in an illegal search of his hotel room contrary to the fourth amendment and was introduced against him at trial. This court, finding that petitioner was provided with a full and fair litigation of his fourth amendment claim in the state courts, denies Kimes' petition on these grounds. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

### V.

The petition for a writ of habeas corpus is granted because the confession admitted against petitioner at trial was obtained in violation of his fifth amendment privilege against self-incrimination.

IT IS SO ORDERED.