UNITED STATES of America ex rel.
David Lee KIMES, Petitioner,

v.

James GREER, Warden, et al.,
Respondents.

No. 81 C 617.

United States District Court,
N. D. Illinois, E. D.

June 22, 1982.

David Lee Kimes, pro se.

Tyrone C. Fahner, Atty. Gen., State of Ill. by Neal B. Goodfriend, Asst. Atty. Gen., Chicago, Ill., for respondents.

### ORDER

BUA, District Judge.

On December 8, 1981, this Court granted David Lee Kimes' petition for a writ of habeas corpus. The background of Kimes' petition is set out in the Court's order issued on that date. *See U. S. ex rel. Kimes v. Greer*, 527 F.Supp. 307 (N.D.Ill.1981). Respondents have filed a motion to reconsider. In that motion, respondents argue that this Court erred in retroactively applying the U. S. Supreme Court's decision in *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) to this case. Respondents assert that, because Kimes' convictions were handed down in 1977, the Supreme Court's analysis of the law in 1981 does not apply to petitioner's claim. This Court disagrees and holds that the *Edwards* decision should be applied retroactively.

■ It is, of course, well settled that retroactive application of every decision of federal constitutional law is not mandated by the Constitution, and that, in certain circumstances, prospective application of such rules is appropriate. *Brown v. Louisiana*, 447 U.S. 323, 327, 100 S.Ct. 2214, 2219, 65 L.Ed.2d 159 (1980); *Linkletter v. Walker*, 381 U.S. 618, 628–629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965). The decision as to retroactivity does not automatically turn on the constitutional provision which forms the basis for the principle of law expressed in the opinion, but rather "[e]ach constitutional rule of criminal procedure has its own distinct functions, its own background of precedent and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved." *Brown* 447 U.S. at 327, 100 S.Ct. at 2219, *quoting Johnson v. New Jersey*, 384 U.S. 719, 728, 86 S.Ct. 1772, 1778, 16 L.Ed.2d 882 (1966).

■ In analyzing the issue of retroactivity as applied to the *Edwards* case, this Court is guided by the Fifth Circuit's approach to the question of retroactive effect as set out in the recent case of *Battie v. Estelle*, 655 F.2d 692 (5th Cir. 1981). In that case, the Court, discussing the retroactive effect of *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1966), concluded that the Supreme Court's decisions on the issue focus on a two-part standard.

"The first part of this test gauges whether the principle in question is new or is simply a restatement of already established principles and the application of already established principles to a particular set of facts .... The second part of the test consists of an evaluation of the factors first set out in *Stovall v. Denno*, 388 U.S. 293, 297 [87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199] ... (1967): namely, the purpose of the new ruling, the extent to which law enforcement authorities may have relied upon the previous state of the law, and the impact of the new federal constitutional principle on the administration of justice."

655 F.2d at 697. Presumably, if the first leg of the test does not mandate only prospective application, i.e., if the rule does not establish a new principle of law, then it is unnecessary to proceed to the second step. See Id. at 698–699. It is with this analytical format in mind that this Court approaches the question of retroactivity with respect to the *Edwards* decision.

This Court has concluded that the Supreme Court's decision in *Edwards* did not break new ground, but rather merely applied already established law to a set of facts different from those which produced the original principle on which the decision was based. Therefore, retroactive application of the decision is appropriate.

In *Edwards*, the Supreme Court held "that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused ... having expressed his desire to deal with

the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." 451 U.S. at 484, 101 S.Ct. at 1884.

The stated rationale for the Court's holding was its direct application of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Court relied heavily on that opinion and clearly indicated that its decision in *Edwards* was compelled by the earlier case. In light of the Supreme Court's analysis, this Court believes that it would be in error to hold that the *Edwards* decision broke new ground in Fifth Amendment law.

The language of the *Edwards* decision mandates this Court's conclusion. The Supreme Court stated,

"*Miranda* itself indicated that the assertion of the right to counsel was a significant event and that once exercised by the accused, 'the interrogation must cease until an attorney is present. *Our later cases have not abandoned that view. In Michigan v. Mosley*, 423 U.S. 96 [96 S.Ct. 321, 46 L.Ed.2d 313] (1975), the Court noted that *Miranda* had distinguished between the procedural safeguards triggered by a request to remain silent and a request for an attorney and had required that interrogation cease until an attorney was present only if the individual stated that he wanted counsel. 423 U.S., at 104, n. 10 [96 S.Ct., at 326, n. 10]; *see also id.*, at 109–111 [101 S.Ct., at 329–330] (White, J., concurring). In *Fare v. Michael C.*, [442 U.S. 707,] 719 [99 S.Ct. 2560, 2568, 61 L.Ed.2d 197] ... [(1979)], the Court referred to *Miranda*'s 'rigid rule that an accused's request for an attorney is per se an invocation of his Fifth Amendment rights, requiring that all interrogation cease.' And just last Term, in a case where a suspect in custody had invoked his *Miranda* right to counsel, the Court again referred to the 'undisputed right' under *Miranda* to remain silent and to be free of interrogation 'until he had consulted with a lawyer.' *Rhode Island v. Innis*, 446 U.S. 291, 298 [100 S.Ct. 1682, 1688, 64 L.Ed.2d 297] (1980). *We reconfirm these views and, to lend them substance, emphasize that it is inconsistent with Miranda and its progeny for the authorities, at their instance, to reinterrogate an accused in custody if he has clearly asserted his right to counsel.*"

451 U.S. at 485, 101 S.Ct. at 1885 (emphasis added). The Court's opinion demonstrates the justices' firm belief that their decision merely restated an established principle and applied it to a set of facts which had not, as yet, been presented to the Court. Although the retroactivity issue was not directly before the Supreme Court, the Court's language indicates that, had the question been presented, the justices would have concluded that retroactive application was appropriate. In light of this, this Court holds that *Edwards* should be applied retroactively.

Respondents have cited a single case which supports their position that retroactive application of *Edwards* is inappropriate. That case is *State v. Shea*, Nos. 81–KA–0377, 81–KA–0378 (Supreme Crt. of La., Jan. 25, 1982). In that decision, without addressing the question of whether the principle announced in *Edwards* made new law, the Court concluded that the purpose of the rule did not "enhance the reliability of the fact-finding process," and thus did not demand retroactive application, at ——, *citing Johnson v. New Jersey*, 384 U.S. 719, 727–729, 86 S.Ct. 1772, 1777–1778, 16 L.Ed.2d 882 (1966). This Court believes that the Louisiana Court erred in addressing the second part of the two-part test prior to analyzing the threshold question of whether *Edwards* established a new principle of law. For this reason, the Court is not persuaded by the Louisiana Court's analysis.

It is, of course, true that the procedural rule first established in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) was considered by the Supreme Court to be inappropriate for retroactive application. *See Johnson v. New Jersey*,

*supra.* In *Johnson,* the Court considered the purpose of the *Miranda* rule, and concluded that because the rule did not affect "the very integrity of the fact-finding process," and because cases where it was not applied did not present "the clear danger of convicting the innocent," retroactivity was not required. *Johnson,* 384 U.S. at 728, 86 S.Ct. at 1778, *quoting Linkletter v. Walker,* 381 U.S. 618, 639, 85 S.Ct. 1731, 1743, 14 L.Ed.2d 601 (1965) and *Tehan v. Shott,* 382 U.S. 406, 416, 86 S.Ct. 459, 465, 15 L.Ed.2d 453 (1966). Regardless of this holding, however, it is one thing to say that the *Miranda* rule as originally announced is not to be retroactively applied; it would be quite another thing to hold that retroactive application is inappropriate when the principles of *Miranda* are merely applied to a new set of facts, as in *Edwards.* In such a case the *Stovall* factors, one of which is the purpose of the rule, see p. 633, *supra,* are actually irrelevant. Rather, the key consideration is the first step of the two-part test explicated in *Battie v. Estelle, supra.* If, as here, it is determined that the rule of law is not new, retroactive application is clearly proper, regardless of the basis and purpose of that rule.

Finally, respondents argue that this Court's conclusion that the *Edwards* case was merely an application of established principles is erroneous because, prior to *Edwards,* several circuits, including the Seventh, did not require the *per se* prohibition on post-request statements as explained in *Edwards. See e.g. White v. Finkbeiner,* 611 F.2d 186 (7th Cir. 1979), *vacated and remanded,* 451 U.S. 1013, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981), *on remand White v. Finkbeiner,* 687 F.2d 885 (7th Cir., 1982). Therefore, it is argued, the *Edwards* case *must* be said to have established a new principle, because it changed the law in these circuits. Although it is a close question, this Court believes that this situation does not prohibit retroactive application of the *Edwards* rule. The decision corrected an erroneous interpretation of the law in

several circuits; however, it did not make new law; it merely clarified an area of some confusion. The fact remains that the decision was based on well established principles, as originally formulated in *Miranda.*[1]

For the foregoing reasons, respondents' motion to reconsider is denied.

IT IS SO ORDERED.

appropriateness of applying the rule retroactively.

---

1. It is to be noted in this regard that, on remand, the *Edwards* rule was applied to the *Finkbeiner* case, without any discussion of the