UNITED STATES of America ex rel. Gary Paul KARR, Petitioner,

v.

Dennis WOLFF, Warden, Joliet Correctional Center, Joliet, Illinois, Respondent.

No. 80 C 0444.

United States District Court, N.D. Illinois, E.D.

Feb. 15, 1983.

Lance Haddix, Chicago, Ill., for petitioner.

Thomas Holum, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

### WILLIAM T. HART, District Judge.

Petitioner Gary Paul Karr ("Karr") filed for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeking to challenge his February 9, 1976 conviction for rape and aggravated kidnap. Karr, sentenced to 30 to 50 years for those offenses, claims that: (1) his confession was involuntary and was taken in violation of his constitutional right against self-incrimination and to an attorney; (2) his counsel inadequately represented him at trial and on appeal; (3) the evidence was insufficient to sustain his conviction; and (4) he was denied his constitutional right to a speedy trial.

Respondent, Dennis Wolff, Warden of the Joliet Correctional Center, has moved for summary judgment, pursuant to Fed.R. Civ.P. 56. The State concedes that Karr has exhausted his state remedies, as he is required to do before he seeks a writ in federal court. *See, e.g., Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981).

As explained more fully below, Karr's petition for habeas corpus relief is granted since he was interrogated outside the presence of an attorney although he had twice asked for legal counsel. Summary judgment is granted in favor of Karr on his claim of unconstitutional confession. Respondent's motion for summary judgment is denied.

## FACTS

Karr was arrested in the afternoon of October 17, 1974, in McHenry County, Illinois, for an offense committed in that county. Early that evening, he was taken to see the McHenry County State's Attorney, but Karr refused to speak to him. Karr stated that he wanted the advice of counsel before saying anything. Karr then was taken to "Rights Court," where a Circuit Court judge advised him of his constitutional rights. Karr reasserted his right to counsel in open court.[1] He then was returned to his cell.

Meanwhile, authorities in Lake County, Illinois learned that the McHenry County police were holding Karr, whose alleged modus operandi was similar to that used in an offense under investigation in Lake County. Officers George Highland ("Highland") and Ernest Castelli ("Castelli") of the Highland Park Police Department, Lake County, Illinois, drove to the McHenry County Jail in order to speak to Karr about the Lake County crime. At approximately 10:00 p.m. on the same evening, October 17, 1974, Karr was told by Officer Larry Macheroux ("Macheroux"), of McHenry County, that officers from Highland Park wished to speak with him concerning a Highland Park crime. Macheroux told Karr that it was up to Karr to decide whether he would talk to them. Karr agreed to see them.

At 10:10 p.m. Highland introduced himself and read Karr his *Miranda* rights. He told Karr that he was investigating a rape and abduction in Highland Park. Karr said that he would waive his rights and speak to the officer. No written waiver of rights was executed. Highland also asked Karr whether he had spoken to anyone else. Karr responded that earlier he had refused to speak to the McHenry County State's Attorney because he had once "been burned" by a state's attorney. The record does not indicate whether Karr also told Highland that he had earlier that day de-

---

1. Karr's request in Right's Court for an attorney is somewhat ambiguous. However, the trial judge ruled that Karr had effectively asserted his right to counsel, albeit for a McHenry County charge. Given that finding, the Court is bound to accept it. *See* 28 U.S.C. § 2254(d); *Summer v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *United States ex rel. Larry Cosey v. Dennis Wolff,* 682 F.2d 691 (7th Cir.1982).

clined to speak until he could consult with an attorney. Apparently, Karr did not renew in Highland's presence his wish to speak to an attorney. Instead, Karr confessed to Highland his part in the rape and abduction in Lake County. Macheroux was present throughout this interview.

The next morning, October 18, 1974, Castelli called the McHenry County Jail and asked Officer Tyrrell ("Tyrrell") to inquire of Karr what had happened to the car used in the commission of the Lake County crime. Tyrrell advised Karr of his *Miranda* rights and inquired. At a subsequent suppression hearing, Tyrrell testified that Karr then waived his rights and described the car's whereabouts. In fact, the car was found in the location specified by Karr.

Karr was charged in Lake County with rape and abduction.[2] He subsequently denied that he had confessed to Highland and Tyrrell. In the alternative, Karr argued that any statements he made must be suppressed since his constitutional rights to an attorney and to remain silent had been violated. Ruling on a motion to suppress the alleged confessions, the Lake County trial court found that Karr had asserted his right to counsel concerning the *McHenry County* offenses. The court noted that had Karr confessed to crimes in McHenry County subsequent to his assertion of that right, the statements could be suppressed. However, the court ruled that the disputed confessions were not taken in violation of Karr's constitutional right to counsel since

the confessions involved a crime in *Lake County,* for which Karr had not asserted his right to counsel. Judge Foran stated:

> when the Highland Park police went in there, they had to give [Karr] his rights, because he had not yet waived any rights that he might have had under *Miranda* with respect to the Lake County offenses, that they wanted to talk to him about.... I think the record shows they did.... I rely on the attitude of the courts that it is not improper to question him about other crimes, even though he has once asserted his right to remain silent and his rights under the 5th Amendment, as well as the right to effective counsel with other crimes.

The trial court relied for its decision to deny the motion to suppress Karr's confessions on *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), and *People v. White,* 61 Ill.2d 288, 335 N.E.2d 457 (1975), *cert. denied,* 424 U.S. 970, 96 S.Ct. 1469, 47 L.Ed.2d 738 (1976).[3] The Illinois Appellate Court affirmed, also relying on *Mosley* and *White. People v. Karr,* 68 Ill. App.3d 1040, 25 Ill.Dec. 453, 386 N.E.2d 927 (2d Dist.1979). The Illinois Supreme Court denied Karr's petition for leave to appeal. In light, however, of two subsequent decisions, *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) and *White v. Finkbeiner,* 687 F.2d 885 (7th Cir.1982) (White III), neither of which was brought to the Court's attention by the parties, this Court concludes that Karr's confession was

---

**2.** Karr also was charged and convicted for similar offenses in McHenry County and Kane County. However, he pleaded guilty to lesser offenses in each and the rape charges were dropped. Karr received two seven to 21 year sentences, each to run concurrently with the other. In Lake County, Karr was sentenced to 30–50 years on the instant offense, also to run concurrent with the Kane and McHenry County sentences. Because Karr's sentence for the Lake County crimes is longer than his other two sentences, this Court may consider his petition for a writ of habeas corpus. A writ will not issue or even be considered unless to grant the writ will result in a release from custody. This has been interpreted to mean not just immediate release from illegal custody but that the granting of a writ is proper where future confinement or the duration of a con-

finement is challenged. *See Preiser v. Rodriguez,* 411 U.S. 475, 487, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1972); *McCollum v. Miller,* 695 F.2d 1044 (7th Cir.1982). Karr's petition, in effect, challenges the duration of his confinement since, if the petition is successful, his absolute time in prison would be diminished by at least nine years.

**3.** On a petition for a writ of habeas corpus to the federal court, the Seventh Circuit held that the Illinois Supreme Court had incorrectly ruled that the defendant's confession, after invocation of his right to counsel, was admissible. *White v. Finkbeiner,* 687 F.2d 885 (7th Cir.1982) (White III), *See* discussion *infra* at 763–764.

obtained in violation of his Fifth Amendment right to counsel.

## DISCUSSION

*Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is the starting point for a review of possible violations of Karr's Fifth Amendment right to counsel during his interview with the Highland Park police. In *Miranda,* the Supreme Court ruled that when a suspect requests an attorney during custodial interrogation, "the interrogation must cease until an attorney is present." 384 U.S. at 474, 86 S.Ct. at 1627. Thus, the Lake County trial court was correct when it said that had Karr been questioned about the McHenry County offense after asserting his right to counsel, any confession would be inadmissible. Karr, however, was questioned about a Lake County crime, unrelated to the one committed in McHenry County. This Court must decide whether Karr's Fifth Amendment right to counsel was violated when he was questioned about an offense in one jurisdiction after having twice asserted a right to counsel incident to an offense in another jurisdiction. No reported decision was located which resolves this precise point.

In *Michigan v. Mosley, supra,* the Supreme Court considered the propriety of questioning a suspect about one crime after the suspect had invoked his right to remain silent when he was questioned earlier about an unrelated crime. Mosley was arrested in connection with several robberies. After being advised of his *Miranda* rights, he exercised his right to cut off questioning. Two hours later, he was questioned by a different officer about a homicide unrelated to the robberies, and he confessed to the homicide. The Court held that a reinterrogation is not a violation of a suspect's Fifth Amendment right where the invocation of that right is "scrupulously honored." 423 U.S. at 104, 96 S.Ct. at 326. The Court found that to question the defendant about an unrelated homicide was not inconsistent with Mosley's earlier refusal to answer any questions about the robberies. 423 U.S. at 102, 96 S.Ct. at 325.

However, unlike the instant action, *Michigan v. Mosley* did not entail a review of procedures to be followed after a defendant invokes his right to counsel. Mosley only claimed the right to remain silent. *Id.* at 101 n. 7, 96 S.Ct. at 325 n. 7. "The invocation of a defendant's right to silence may have a different impact on the permissibility of subsequent police conduct than the invocation of his right to counsel." *United States ex rel. Riley v. Franzen,* 653 F.2d 1153, 1158 (7th Cir.1982).

The procedures governing the reinterrogation of a suspect after he invokes his right to counsel were detailed in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In *Edwards,* the defendant was taken into custody on state criminal charges, read his *Miranda* rights and questioned by a police officer. During the interrogation, Edwards requested an attorney. At that point, the questioning ended, and Edwards was returned to his cell. The next morning, two different officers came to see Edwards and told him that detectives wanted to talk to him. Edwards responded that he did not want to talk to anyone. However, he was informed that "he had" to talk and was taken to meet with the detectives. Edwards subsequently confessed to the crime.

In *Edwards,* the Supreme Court held:

> when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, *unless the accused himself initiates further communication,* exchanges or conversations with the police.

*Id.* at 484–85, 101 S.Ct. at 1884–85 (emphasis added).

The Seventh Circuit recently applied *Edwards v. Arizona* to a case with similar facts as those in the instant action and granted a writ of habeas corpus. *White v. Finkbeiner,* 687 F.2d 885 (7th Cir.1982) (White III). White was arrested for one offense and he invoked his right to counsel during interrogation about that offense. That afternoon and the next day following his arrest, he was questioned about other offenses. He finally confessed to those other offenses. On the second day following his arrest, White was questioned about a murder, and he confessed to that crime too. Prior to each interrogation, White was advised of his *Miranda* rights. Apparently, each offense occurred in the same jurisdiction.

White appealed his murder conviction, arguing that his confession was involuntary and was obtained in violation of his Fifth Amendment privilege against self-incrimination. The Illinois Supreme Court upheld his conviction, finding that the defendant's confession was voluntary and thus properly received into evidence. *People v. White,* 61 Ill.2d 288, 297, 335 N.E.2d 457 (1975), *cert. denied,* 424 U.S. 970, 96 S.Ct. 1469, 47 L.Ed.2d 738 (1976). That decision was relied upon by the Illinois trial and appellate courts to reject Karr's motion to suppress his confessions in this case.

White then sought a writ of habeas corpus in the District Court for the Northern District of Illinois. The procedural history of White's petition for a writ is complex.[4] The writ was denied in *White v. Finkbeiner,* 611 F.2d 186 (7th Cir.1979) (White II). The Supreme Court, however, ordered the Seventh Circuit to reconsider its decision to deny White a writ in light of *Edwards v. Arizona, supra.* On reconsideration, the Seventh Circuit granted the writ of habeas

corpus. *White v. Finkbeiner,* 687 F.2d 885 (7th Cir.1982) (White III).

The court found that "[u]nder *Edwards,* after requesting counsel during the initial interrogation, White should not have been subjected two days later to interrogation [for other crimes] which he did not initiate and before which counsel had not been made available to him." 687 F.2d at 887–88. Consequently, when White confessed during the second interrogation, he had not validly waived his *Miranda* rights. Nor did his confession constitute a valid waiver.

The only difference between White and Karr is that White was questioned by officers of the same police force about unrelated offenses while Karr was questioned about two unrelated offenses by officers of different police forces. The Court finds that the difference is not significant. Karr was in custody in McHenry County when the Lake County police sought to question him. He had not initiated the conversations with the Lake County police. *Edwards* would make it incumbent on the Lake County police to determine whether Karr had invoked his right to counsel and to cut short their interrogation if he had. In fact, Highland seems to have made some effort in that regard. He asked Karr if he had spoken with anyone. Karr replied that he had refused to talk to the McHenry County State's Attorney. As noted, the record does not indicate whether Karr also told Highland that he had refused to speak until he had consulted an attorney. Furthermore, both confessions, the one to Highland and the one to Tyrrell regarding the location of the car, were made in the presence of or directly to officers from McHenry County. Each McHenry County officer "knew" that Karr had asked for an attorney and to remain silent subject to that request.

4. The Seventh Circuit initially reversed a district court denial of the petitioner's application for a writ of habeas corpus and remanded the case for an evidentiary hearing to determine whether White had actually requested counsel during his initial interrogation. *White v. Finkbeiner,* 570 F.2d 194 (7th Cir.1978) (White I). On remand, the district court determined that White had not requested counsel, and denied relief. On appeal from that judgment, the Sev-

enth Circuit found that White had requested counsel, but that he had validly waived his right. *White v. Finkbeiner,* 611 F.2d 186 (7th Cir.1979) (White II). The Supreme Court ordered the Seventh Circuit to reconsider its decision in light of *Edwards v. Arizona, supra.* Finally, the Seventh Circuit granted White's application for a writ of habeas corpus. *White v. Finkbeiner,* 687 F.2d 885 (7th Cir.1982) (White III).

Whether the Highland Park police knew that Karr had invoked his right to counsel is academic, however. In *White III,* the Seventh Circuit held that

> it apparently did not matter in *Edwards* whether or not the second interrogators knew of the defendant's previous request for counsel. Consequently, we believe that it would be inconsistent with *Edwards* to find White's confession admissible because the second interrogators were not informed of his request for counsel. To so hold would be tantamount to creating a 'good faith' exception to the *Edwards* rule, which restricts interrogation after a suspect's request for counsel, and might permit relatively easy circumvention of that rule.

687 F.2d at 887 n. 9. Similarly, this Court believes that under the circumstances of this case no good faith exception should be allowed to the Highland Park, Lake County police because they may not have known that Karr had invoked his right to counsel in McHenry County.

Because Karr did not initiate the exchange with the Highland Park police subsequent to his clear assertion and reassertion of his Fifth Amendment right to counsel, Karr's confessions are inadmissible. *See also United States ex rel. Kimes v. Greer,* 527 F.Supp. 307, 309 (N.D.Ill.1981) (Bua, J.) ("[t]he rule set out by the Supreme Court [in *Edwards*] is subject only to the limited exception where the questioning following the first interrogation is initiated by the defendant"). Accordingly, Karr is entitled to summary judgment on the issue of whether his confessions were improperly admitted. To the extent that there is any genuine issue of material fact, it has been resolved in his favor. *See, e.g., Kephart v. Institute of Gas Technology,* 630 F.2d 1217 (7th Cir.1980); *United States ex rel. Kimes v. Greer, supra.*

For the reasons stated above,[5] the Court issues the writ of habeas corpus and orders that Karr be discharged from custody (1)

unless the State retries him on the Highland Park offenses within one hundred twenty (120) days and (2) after Karr has completed serving his concurrent sentences for his Kane County and McHenry County convictions. If the state should elect to appeal this Order, the Court will entertain a motion to stay issuance of the writ pending appeal.

---

5. Because the Court finds that there is one ground upon which to grant the writ, *i.e.,* a violation of Karr's Fifth Amendment right to counsel, it does not decide whether Karr's other allegations, *i.e.,* ineffective assistance of counsel, insufficient evidence to sustain his conviction and denial of the right to speedy trial, are meritorious.