**UNITED STATES of America ex rel. Gary Paul KARR, Petitioner-Appellee,**

v.

**Dennis WOLFF, Warden, Joliet Correctional Center, Joliet, Illinois, Respondent-Appellant.**

No. 83–1459.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 30, 1983.

Decided April 26, 1984.

Michael V. Accettura, Ill. Asst. Atty. Gen., Chicago, Ill., for respondent-appellant.

Lance Haddix, Chicago, Ill., for petitioner-appellee.

Before CUMMINGS, Chief Judge, WOOD, Circuit Judge, and GRANT, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

The State of Illinois appeals the decision of the district court granting petitioner Gary Paul Karr federal habeas corpus relief for violation of his fifth amendment right to counsel. The district court relied on *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), as the basis for its judgment. The United States Supreme Court, however, has subsequently ruled that the legal standard announced in *Edwards* is not to be applied retroactively. *Solem v. Stumes*, —— U.S. ——, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984). Therefore, we vacate and remand so that the district court can reconsider its decision according to the appropriate legal standard.[1]

## I.

The facts as found by the district court in its habeas corpus review of the state court decision are not disputed by the parties. Karr was arrested in the afternoon of October 17, 1974, by Lyons and Brookfield officers for an armed robbery committed in McHenry County, Illinois.[2] Shortly after the arrest, officers Macheroux and Eisele of the McHenry County Sheriff's Department traveled to Lyons to take custody of Karr. Karr was then transferred to the McHenry County jail. Early that evening, Karr was brought to the McHenry County State's Attorney and was asked to make a statement regarding the McHenry County robbery, but Karr refused. Karr stated that he had once been "burned" by an

assistant state's attorney and that he wanted an attorney present before he would say anything. Karr was then taken to "Rights Court" where a McHenry County circuit court judge advised him of his *Miranda* rights. In open court, Karr again requested counsel. He then was returned to jail.

The district court described the subsequent events as follows:

Meanwhile, authorities in Lake County, Illinois learned that the McHenry County police were holding Karr, whose alleged modus operandi was similar to that used in an offense under investigation in Lake County. Officers George Highland ("Highland") and Ernest Castelli ("Castelli") of the Highland Park Police Department, Lake County, Illinois, drove to the McHenry County Jail in order to speak to Karr about the Lake County crime. At approximately 10:00 p.m. on the same evening, October 17, 1974, Karr was told by [Macheroux], of McHenry County, that officers from Highland Park wished to speak with him concerning a Highland Park crime. Macheroux told Karr that it was up to Karr to decide whether he would talk to them. Karr agreed to see them.

At 10:10 p.m. Highland introduced himself and read Karr his *Miranda* rights. He told Karr that he was investigating a rape and abduction in Highland Park. Karr said he would waive his rights and speak to the officer. No written waiver of rights was executed. Highland also asked Karr whether he had spoken to anyone else. Karr responded that earlier he had refused to speak to the McHenry County State's Attorney because he had once "been burned" by a state's attorney. The record does not indicate whether Karr also told Highland that he had earlier that day declined to speak until he

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. The district court also relied in part on our decision in *White v. Finkbeiner*, 687 F.2d 885 (7th Cir.1982) (*White III*), which has now been vacated and remanded to us for reconsideration

in light of *Solem*. *Fairman v. White*, —— U.S. ——, 104 S.Ct. 1433, 79 L.Ed.2d 756 (1984).

2. The district court stated that Karr was arrested in McHenry County, Illinois, but petitioner correctly points out that the record shows he was arrested in Lyons, Illinois. This point is of no significance to the present controversy.

could consult with an attorney. Apparently, Karr did not renew in Highland's presence his wish to speak to an attorney. Instead, Karr confessed to Highland his part in the rape and abduction in Lake County. Macheroux [of McHenry County] was present throughout this interview.

The next morning, October 18, 1974, Castelli called the McHenry County Jail and asked Officer Tyrrell ("Tyrrell") to inquire of Karr what had happened to the car used in the commission of the Lake County crime. Tyrrell advised Karr of his *Miranda* rights and inquired. At a subsequent suppression hearing, Tyrrell testified that Karr then waived his rights and described the car's whereabouts. In fact, the car was found in the location specified by Karr.

*United States ex rel. Karr v. Wolff,* 556 F.Supp. 760, 761–62 (N.D.Ill.1983).

Karr was charged in Lake County with abduction and rape. At the suppression hearing, the trial court found that Karr had asserted his right to counsel concerning the McHenry County offenses, but had waived any rights prior to the questioning that led to his confession to the crime in Lake County. After his conviction, Karr's appeal to the Appellate Court of Illinois was unavailing. The appellate court rejected Karr's argument that he had not made a valid waiver of his right to counsel prior to the interrogation regarding the Lake County offense. Karr's petition for leave to appeal to the Illinois Supreme Court was denied.

Karr then filed a petition for a writ of habeas corpus in federal district court. In the petition, Karr alleged various violations of his constitutional rights, including the claim that his confession was involuntary and obtained in violation of his fifth amendment right to counsel.[3] The district court,

relying on two cases decided after the state court proceedings—*Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and *White v. Finkbeiner,* 687 F.2d 885 (7th Cir.1982) (*White III*), *vacated and remanded, Fairman v. White,* —— U.S. ——, 104 S.Ct. 1433, 79 L.Ed.2d 756 (1984) —held that Karr's confession was obtained in violation of his fifth amendment right to counsel and that the writ should issue.[4] The court concluded that *Edwards* specifically established a new waiver requirement, namely, that after requesting an attorney, the accused himself must initiate further communication with the police prior to any further custodial interrogation. Any purported waiver of a previously invoked fifth amendment right to counsel could not be considered unless this threshold requirement had been met. Because Karr had not initiated the conversation with Highland, the court found that the *Edwards* requirement had not been met and that Karr's purported waiver was invalid. The court rejected the argument that, because Karr asserted his right to counsel in McHenry County and the questioning that led to his conviction was conducted by authorities from Lake County about a Lake County crime, the *Edwards per se* rule should not be applied. Relying on our decision in *White III,* in which we held that the *Edwards per se* rule applied even though the later questioning was about an unrelated offense (but apparently committed in the same jurisdiction) and even though the officers who renewed the questioning did not know that the suspect had previously requested counsel, the district court stated:

> The only difference between White and Karr is that White was questioned by officers of the same police force about an

---

**3.** Karr also claimed that his counsel inadequately represented him at trial and on appeal, that the evidence was insufficient to sustain his conviction, and that he was denied his constitutional right to a speedy trial. The district court did not reach these issues because it concluded that Karr was entitled to habeas corpus relief based on the violation of his fifth amendment right to counsel.

**4.** The district court ordered that "Karr be discharged from custody (1) unless the State retries him on the Highland Park offenses within one hundred twenty (120) days and (2) after Karr has completed serving his concurrent sentences for his Kane County and McHenry County convictions." 556 F.Supp. at 765.

unrelated offense while Karr was questioned about two unrelated offenses by officers of different police forces. The Court finds that the difference is not significant. Karr was in custody in McHenry County when the Lake County police sought to question him. He had not initiated the · conversation with the Lake County police. *Edwards* would make it incumbent on the Lake County police to determine whether Karr had invoked his right to counsel and to cut short their interrogation if he had.

556 F.Supp. at 764.

### III.

The Supreme Court has recently resolved any doubts about whether its decision in *Edwards* attached new significance to an accused's invocation of the fifth amendment right to counsel. Before *Edwards*, a suspect had a right to have counsel present, and could waive that right. *Edwards*, however, "established a new test for when that waiver would be acceptable once the suspect had invoked his right to counsel: the suspect had to initiate subsequent communication." *Solem*, — U.S. at ——, 104 S.Ct. at 1343; *Oregon v. Brandshaw*, — U.S. ——, 103 S.Ct. 2830, 2835, 77 L.Ed.2d 405 (1983).[5] Under *Edwards*, therefore, rather than applying the traditional test of waiver to the fifth amendment right to counsel,[6] courts examining the question whether an accused who has

invoked his right to counsel subsequently waived it must first satisfy themselves that the accused himself initiated further communication with the police. If the court is satisfied that there was no violation of the *Edwards* rule, the court can then inquire whether, in light of the totality of the circumstances, the suspect made a voluntary, knowing, and intelligent waiver of his right to have counsel present.

It is not entirely clear, however, whether the *Edwards* rule should be interpreted so as to prohibit ·authorities from outside the jurisdiction in which the accused is being held from initiating questioning about unrelated crimes committed in their jurisdiction if the accused has previously requested counsel during questioning in the custodial jurisdiction. *See McFadden v. Virginia*, 225 Va. 103, 300 S.E.2d 924 (1983); *cf. United States v. Scalf*, 708 F.2d 1540 (10th Cir.1983). An even more complicated version of this question arises if, in addition to these facts, an officer from the custodial jurisdiction is present when the purported waiver takes place, as occurred here. We need not decide, however, whether the district court's interpretation of the appropriate scope of the *Edwards* rule was correct, because the Supreme Court's recent decision in *Solem* makes *Edwards* an inappropriate basis for deciding this case.[7] *Solem* explicitly prohibits courts from relying on *Edwards* when undertaking collateral review of police conduct oc-

---

**5.** The effect given by courts to an accused's invocation of the fifth amendment right to counsel prior to *Edwards* varied. Although all courts recognized that *Miranda* clearly required that questioning cease once the accused requested counsel, courts disagreed as to the conditions under which questioning could be resumed. Some courts anticipated *Edwards* and prohibited resumption of questioning unless initiated by the suspect. *E.g., United States v. Womack*, 542 F.2d 1047, 1050–51 (9th Cir.1976); *United States v. Priest*, 409 F.2d 491, 493 (5th Cir.1969). Other courts, including this one, refused to read *Miranda* as prohibiting authorities from initiating renewed questioning following a request for an attorney. *E.g., White v. Finkbeiner*, 611 F.2d 186, 191 (7th Cir.1979) (*White II*), *vacated and remanded in light of Edwards*, 451 U.S. 1013, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981), *on remand*, 687 F.2d 885 (7th Cir.1982) (*White III*),

*vacated and remanded sub nom. in light of Solem, Fairman v. White*, — U.S. ——, 104 S.Ct. 1433, 79 L.Ed.2d 756 (1984).

**6.** In *Solem*, the Supreme Court observed that "[p]rior to *Edwards*, the emphasis in our cases had been on whether, as an individual, case-by-case matter, a waiver of the right to counsel had been knowing, voluntary, and intelligent." — U.S. at ——, 104 S.Ct. at 1343 (citations omitted).

**7.** To the extent the district court relied on our interpretation of *Edwards* in *White III*, that is also no longer an appropriate basis for its decision, since *White III* has since been vacated and remanded in light of *Solem*. *Fairman v. White*, — U.S. ——, 104 S.Ct. 1433, 79 L.Ed.2d 756 (1984).

curring prior to *Edwards.* —— U.S. at ——, 104 S.Ct. at 1344. Instead, the conduct of the police is to be assessed according to pre-*Edwards* Supreme Court cases and decisions of the relevant circuit. We therefore vacate the district court judgment and remand so that the district court can determine whether a valid waiver of Karr's fifth amendment right to counsel occurred under the traditional test for waiver as applied in this circuit before *Edwards.*[8]

Under the law in this circuit prior to *Edwards,* we looked at the totality of the circumstances to decide whether a voluntary, knowing, and intelligent waiver of the right to counsel occurred. We held that although the right to counsel had previously been invoked, a valid waiver of the right could be shown even though the police were responsible for initiating the renewed questioning. *White v. Finkbeiner,* 611 F.2d 186, 192 (7th Cir.1979) (*White II*), *vacated and remanded in light of Edwards,* 451 U.S. 1013, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981), *on remand,* 687 F.2d 885 (7th Cir.1982) (*White III*), *vacated and remanded sub nom. in light of Solem, Fairman v. White,* —— U.S. ——, 104 S.Ct. 1433, 79 L.Ed.2d 756 (1984). We indicated, however, that a prior invocation of the right might lead a court to infer that it was less likely that the right was subsequently relinquished. *Kennedy v. Fairman,* 618 F.2d 1242, 1246 (7th Cir.1980), *cert. dismissed,* 449 U.S. 939, 101 S.Ct. 339, 66 L.Ed.2d 206 (1980). Of course, the fact that the request for counsel occurred during questioning by an officer from another jurisdiction about an unrelated crime might undermine the usual inference, although in this case the situation is further complicated by the presence of an officer from the custodial jurisdiction during the purported subsequent waiver. Whatever inferences are to be drawn, however, are to be done

only in light of the totality of the circumstances. On remand, the district court. should review our decision in *White II* for a list of some of the factors that should be considered in making this totality of the circumstances evaluation.

With this limited guidance, the case is remanded to the district court to review Karr's petition for a writ of habeas corpus in light of pre-*Edwards* law. Circuit Rule 18 shall not apply.

VACATED AND REMANDED.

---

**8.** We remand, rather than decide the waiver issue here based on the district court's interpretation of the state court record (which is not seriously disputed by the parties), because the district court may decide that under the test for waiver it now must apply, it may be appropriate to supplement the state court record with its own evidentiary hearing. We also note that should the district court rule against the defendant on defendant's fifth amendment right to counsel claim, defendant raised three other claims that the court would then have to address.